UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Magistrate No. 14-55(FLN)

In the Matter of the Search of

**127 CYNTHIA AVENUE, WORTHINGTON, MN FURTHER DESCRIBED AS A BRICK WITH WHITE TRIM, SINGLE FAMILY DWELLING WITH A DETACHED GRAY WITH WHITE TRIM TWO STALL GARAGE AND ALL VEHICLES PRESENT ON THE CURTILAGE OF THE PROPERTY**

RESPONSE TO MOTION FOR RETURN OF PROPERTY PURSUANT TO FED. R. CRIM. P. 41(g)

COMES NOW the United States of America, by and through its attorneys Andrew M. Luger, United States Attorney for the District of Minnesota, and Bradley M. Endicott, Assistant United States Attorney in opposition to Movants' Motion for Return of Property pursuant to Fed. R. Crim. P. 41(g).

**I.    STATEMENT OF FACTS**

The property asset at issue in this case, as noted on the "Receipt for Property and Other Items" (Receipt) in the matter, attached to Movants' motion as Exhibit A, was seized by the Bureau of Alcohol Tobacco, Firearms and Explosives ("ATF"), working with other law enforcement agencies, on February 5, 2014, pursuant to a valid search warrant issued by this Court.

Movants' motion does not provide any showing that they have any legal entitlement to the property they seek, nor does it specify any particular item or items of

property to be returned.[1]  Attachment B, which was provided as an exhibit to the motion, specifically authorizes the seizure of "Marijuana, documents and correspondence relating to the acquisition and disposition of controlled substances, cellular telephones and their content, computers and electronic storage devices and their content, scales, drug paraphernalia, packaging materials and monies gathered from the distribution of controlled substances.  As such, it specifically authorizes the agency's seizure of most, if not all, the property seized.  Assuming, *arguendo*, that any of the items seized fell outside the scope of the warrant, they would still fall within the scope of federal forfeiture law and could thus be seized based upon probable cause that they could be subject to forfeiture to the United States.

No criminal indictment has been filed at this point, and forfeiture proceedings have not yet been instituted against any of the property.

## II.  ARGUMENT

The motion requests that the property seized be returned pursuant to Fed. R. Crim. P. 41(g).  Rule 41(g) is "a crystallization of a principle of equity jurisdiction.  The equitable powers of the district court to order a preindictment return of property illegally seized by federal law enforcement officers 'is invoked through the inherent power of the court over officers of the court.'"  *In re Search and Seizure, Al James Harper*, 835 F.2d 1273, 1274 (8th Cir. 1988); *United States v. Rapp*, 539 F.2d 1156, 1160 (8th Cir. 1976).

---

[1] Additionally, Movant's motion does not comply with the requirement of Local Rule 7.1 regarding civil motion practice, which requires a meet-and-confer statement and memorandum of law prior to any response by the United States as the responding party.

Rule 41(g) authorizes a person whose property is seized by the government to petition the district court for its return. *Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008).

"The movant must establish lawful entitlement to the property. The court should afford the movant an opportunity to meet this burden, which may include, but does not require, an evidentiary hearing." *Id*. (citations omitted). Movants' motion does not provide any information to meet this burden, and the government argues such proof should be required prior to any further response from the government.

The government must then establish a legitimate reason to retain the property, which may be satisfied by showing a cognizable claim of ownership or right to possession adverse to the movant's. A Rule 41(g) motion is "properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues." *Id*.; *United States v. VanHorn*, 296 F.3d. 713, 719 (8th Cir. 2002). "The district court's authority to order the return of unlawfully seized property is 'extraordinary . . . [and] is to be exercised with caution and restraint.'" *Harper*, 835 F.2d at 1274, citing *Pieper v. United States*, 604 F.2d 1131, 1133 (8th Cir. 1979); *De Alemeida v. United States*, 459 F.3d 377, 382 (2d Cir. 2006) ("Jurisdiction under Rule 41 'is to be exercised with great restraint and caution since it rests upon the court's supervisory power over the actions of federal law enforcement officials.'") (citations omitted).

"[S]uch jurisdiction is proper only upon a showing of callous disregard of the fourth amendment, irreparable injury if relief is not granted, and lack of an adequate

remedy at law." *In re Search of 4801 Fyler Ave.*, 879 F.2d 385, 387 (8th Cir. 1989) (citing *Pieper v. United States*, 604 F.2d at 1133). A Rule 41(g) motion is 'properly denied if the defendant is not entitled to lawful possession of the seized property, the property is contraband or subject to forfeiture or the government's need for the property as evidence continues.' *Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008); *United States v. Porchay*, 533 F.3d 704, 709 (8th Cir. 2008)*; United States v. VanHorn*, 296 F.3d. 713, 719 (8th Cir. 2002).

    A.    <u>Law enforcement officers had authority to seize the property</u>.

As noted above, the property at issue was seized pursuant to a valid search warrant. Additionally, property in plain view during the execution of the search warrant may be seized during the execution of a valid search if there is probable cause to believe the property is subject to forfeiture. 21 U.S.C. § 881(b); 18 U.S.C. § 981(b)(1). This is true when there is probable cause to believe the items are subject to forfeiture, even when the items are not specifically named in the search warrant. *United States v. $149,442.43*, 965 F.2d 868, 875-76 (10th Cir. 1992); *United States v. Washington*, No. CRIM. A. 96-10060, 1997 WL 198046 (D. Kan. 1997) (unpublished) (upholding seizure of property based on good faith belief of officers that the items represented proceeds of criminal activity); *PPS, Inc. v. Faulkner County*, 630 F.3d 1098, 1103-04 (8th Cir. 2011) (addressing plain view seizure and noting the seizing officer must be lawfully in a position from which to view the object, the incriminating nature of the object must be apparent, and the officer must have a lawful right of access to the object).

To the extent forfeiture will be sought, ATF agents have authority to seize property for forfeiture pursuant to 28 C.F.R. § 0.130(b)(2). Attachment B to the search warrant indicates the officers are seeking marijuana. In cases involving distribution of marijuana, forfeiture of multiple types of property, both proceeds and facilitating property, is proper pursuant to 21 U.S.C. § 881(a).

B.  The motion for return of property is premature.

The government generally has a legitimate interest in maintaining control of property relevant to the prosecution and sentencing of a defendant until his criminal proceedings are final. *See Jackson v. United States,* 526 F.3d 394, 397 (8th Cir. 2008) (Rule 41(g) motion is properly denied if the government's need for the property as evidence continues)*; United States v. Willson,* 8 F. App'x 593, 594 (8th Cir. 2001) (unpublished) ("After criminal proceedings have concluded, seized property should be returned to its owner unless it is subject to forfeiture."); *United States v. Dirr*, No. 3:08-CR-42, 2009 WL 5892996, at *55 (E.D. Tenn. 2009). The defendant has no reasonable expectation that the property will be returned prior to termination of any criminal proceedings against him. *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1213 (10th Cir. 2001).

While Rule 41(g) provides a possible mechanism for a person to request return of property,

> [n]o standard is set forth in the rule to govern the determination of whether property should be returned to a person aggrieved either by an unlawful seizure or by deprivation of the property. The fourth amendment protects

[5]

> people from unreasonable seizures as well as unreasonable searches, *United States v. Place,* 462 U.S. 696, 701, 103 S. Ct. 2637, 77 L. Ed. 2d 110 (1983), and reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable.

Fed. R. Crim. P. 41(g), advisory committee notes to 1989 amendments; *United States v. Bolze*, No. 3:09-CR-93, 2011 WL 7052800, at *2 (E.D. Tenn. 2011) (unpublished). Certainly, as to all items identified within the description of property attached to the search warrant, the government is entitled to retain those items as evidence and to complete its investigation.

  C. <u>Any other claims concerning the property should be litigated in a judicial forfeiture proceeding</u>.

As to any property which is not specifically covered by the search warrant, the United States submits the motion should be denied because it is entitled to a reasonable time to determine whether judicial forfeiture proceedings will be instituted. *See* Fed. R. Crim. P. 41(g), advisory committee notes to 1989 amendments ("reasonableness under all of the circumstances must be the test when a person seeks to obtain the return of property. If the United States has a need for the property in an investigation or prosecution, its retention of the property generally is reasonable."); *Bolze*, No. 3:09-CR-93, 2011 WL 7052800, at *2 (E.D. Tenn. 2011) (unpublished). A forfeiture proceeding in the immediate future will provide an adequate forum in which Movants may assert their claims.

As noted above, "[a] Rule 41(g) motion is an equitable remedy that is available only when there is no adequate remedy at law and the equities favor the exercise of jurisdiction." *De Almeida*, 459 F.3d at 382. The Eighth Circuit has consistently held that a Rule 41(g) motion should be denied where the property at issue is subject to forfeiture to the United States. *United States v. Goodale*, Nos. 13-2851, 13-3150, 2014 WL 943496, at *1 (8th Cir., March 12, 2014); *VanHorn*, 296 F.3d. at 719; *United States v. Porchay*, 533 F.3d 704, 709 (8th Cir. 2008); *Jackson*, 526 F.3d at 397.

The government has not yet commenced judicial forfeiture proceedings with respect to the seized property. However, the government intends to conclude its investigation and determine whether or not to commence forfeiture proceedings in the District of South Dakota in the near future. We agree to advise this Court when such proceedings are commenced. Since the judicial forfeiture proceedings will provide the Movants with an adequate forum to litigate their claims to the vehicles, this Rule 41(g) motion should be denied.

In a judicial forfeiture case, there is not a specific deadline to institute the forfeiture in the statutes, other than general reasonableness. *United States v. 1866.75 Board Feet, et. al.*, 587 F. Supp. 2d 740, 751 (E.D. Va. 2008). While any potential forfeiture in this case is not governed by the forfeiture statutes contained at 18 U.S.C. § 983(a) (*Id.*), it may be helpful for the Court to note that, if an administrative forfeiture was being pursued in this case, pursuant to 18 U.S.C. §§ 983(a)(1)(A)(i) and (iv), the seizing agency must send notice of the forfeiture to interested parties at least within 60

days of the seizure. If there is a claim filed in that proceeding, the United States has 90 days from that time to institute judicial forfeiture proceedings. 18 U.S.C. § 983(a)(3). That allows a total of 150 days for commencement of a judicial forfeiture, even where it is governed by the nonjudicial civil forfeiture statute. Movants have not even allowed that period of time to pass prior to filing this motion, as the property was seized on or about February 5, 2014. After any forfeiture case is filed, Movants would thereby have an adequate remedy at law via any judicial forfeiture proceedings. The Motion for Return of Property was filed prior to the government's filing any forfeiture action, and was therefore both premature and unnecessary.

### III. CONCLUSION

WHEREFORE, as probable cause existed for the seizure as evidence and for potential forfeiture of the property pursuant to 21 U.S.C. § 881, and as the property was seized as evidence of a crime or for forfeiture, and as Movants will thereby have an adequate remedy at law to challenge the continued restraint of any non-evidentiary property in the judicial forfeiture action, the United States responds that Movants' Motion for Return of Property here should be DENIED.

                                                                              Respectfully submitted,

Dated: April 29, 2014                        ANDREW M. LUGER
                                                                             United States Attorney

                                                                             s/ Bradley M. Endicott
                                                                             BY: BRADLEY M. ENDICOTT
                                                                             Assistant U.S. Attorney
                                                                             Attorney ID No. 0349872